UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THE HYDROCARBON FLOW SPECIALIST, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-404** |
| **COX OPERATING, L.L.C.,** *IN REM AND IN PERSONAM* | **SECTION "B"(5)** |

**ORDER AND REASONS**

Before the Court is plaintiff's *ex parte* motion and incorporated memorandum seeking the issuance of a writ of sequestration (Rec. Doc. 3). For the following reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion for the issuance of a writ of sequestration is **GRANTED**;

I. **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff The Hydrocarbon Flow Specialist, Inc. allegedly "furnished goods, materials, supplies, and services to Cox Operating, L.L.C. ("Cox") for and in connection with the drilling and/or operation of the lease of OCSG-00026, West Delta, Block 30 . . . ," on the Outer Continental Shelf. Rec. Doc. 3 at 1. Accordingly, plaintiff allegedly performed $67,836.00 worth of work for defendant. Rec. Doc. 1 at 3. Plaintiff claims that pursuant to the Louisiana Oil Well Lien Act ("LOWLA"), it is granted a privilege and lien on certain of defendant's interest to secure payment for its good and services supplied. *See* Rec. Doc. 3 at 2.

1

On January 18, 2023, plaintiff filed and recorded a lien affidavit titled "Statement of Privilege and Notice of Claim of Lien," in the mortgage records of Plaquemines Parish, Louisiana. *Id.;* Rec. Doc. 3-2. On February 1, 2023, plaintiff filed a verified complaint *in rem* seeking recognition and enforcement of its lien and a writ of sequestration. *See* Rec. Doc. 1 at 1. Plaintiff's complaint also includes an *in personam* claim against defendant Cox. *See id.* at 6. Plaintiff simultaneously filed an *ex parte* motion for a writ of sequestration. Rec. Doc. 3. The Court now considers plaintiff's motion for a writ of sequestration below.

II. **LAW AND ANALYSIS**

    A. **Writ of Sequestration**

Federal Rule of Civil Procedure 64 authorizes the court to sequester property pursuant to state law. Fed. R. Civ. P. 64. Rule 64 states, "At the commencement of and throughout an action, every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment. But a federal statute governs to the extent it applies." Fed. R. Civ. P. 64(a). Louisiana Code of Civil Procedure article 3571 provides that:

> When one claims the ownership or right to possession of property, or a mortgage, security interest, lien, or privilege thereon, he may have the property seized under a writ of sequestration, if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the

2

> property from the parish, during the pendency of the action.

La. Code Civ. P. art. 3571. A "writ of sequestration is a conservatory writ which is intended to preserve property pending the outcome of a judicial proceeding." *Grantt Guillory Enters., Inc. v. Quebedeaux*, 2012-931 (La. App. 3 Cir. 2/6/13); 110 So. 3d 182, 189 (citing *Spiers v. Roye*, 04-2189 (La. App. 1 Cir. 5/19/06); 927 So. 2d 769). Due to the nature of the remedy, "the pleading requirements for a writ of sequestration are strictly construed." *Id.* (citation omitted).

Louisiana Code of Civil Procedure article 3501 requires that a writ of sequestration only be issues "when the nature of the claim and the amount thereof, if any, and the grounds relied upon for the issuance of the writ clearly appear from specific facts shown by the petition verified by, or by the separate affidavit of, the petitioner, his counsel or agent." La. Code Civ. P. art. 3501; *see also Rocket Indus., Inc. v. S. Tire & Supply, Inc.*, 706 F.2d 561, 563 (5th Cir. 1983) ("The writ issues legally if the petitioner alleges adequate and valid grounds to support it, even if these are later disproved."). Additionally, Article 3501 provides that "The applicant shall furnish security as required by law for the payment of the damages the defendant may sustain when the writ is obtained wrongfully." La. Code Civ. P. art. 3501. However, in order to obtain the writ, "The party seeking the writ

of sequestration need not show that the defendants would conceal, dispose of, or waste the mortgaged property, 'only that it is within [defendants'] power to do so.'" *CEF Funding, L.L.C. v. Huey*, No. CV 09-2978, 2009 WL 10681986, at *2 (E.D. La. June 2, 2009) (alterations in original) (quoting *Pioneer Bank & Trust Co. v. Oechsner*, 485 So. 2d 1164, 1168 (La. 1985)); *see also Mitchell v. W.T. Grant Co.*, 416 U.S. 600, 604-07 (1974) (upholding Louisiana's procedure for issuing writs of sequestration in part because Louisiana law, La. Code Civ. P. art. 3506, provides that the defendant may immediate hearing and dissolution of the writ).

**B.  Louisiana Oil Well Lien Act**

Plaintiff contends that it has a security interest in defendant's property that it seeks to sequester — defendant's legal title in the operating interest in the leases covering OCSG-00026, West Delta, Block 30 — under the Louisiana Oil Well Lien Act ("LOWLA"), La. Rev. Stat. § 9:4861, *et seq*. Rec. Doc. 3 at 2. LOWLA "creates lien rights and privileges to secure certain obligations arising from contractors and laborer activities on well sites." *Bordelon Marine, LLC v. Devon Energy Prod. Co.*, No. 14-1784, 2015 WL 1509493, at *3 (E.D. La. Apr. 1, 2015) (citing La. Rev. Stat. § 9:4862). LOWLA further specifically allows for the lien holder to "enforce his privilege by a writ of sequestration, without the necessity of furnishing security." La. Rev. Stat. § 9:4871.

4

The privilege created by LOWLA covers "[t]he operating interest under which the operations giving rise to the claimant's privilege are conducted together with the interest of the lessee of such interest in a . . . [t]ract of land, servitude, and lease described in R.S. 9:4861(12)(c) coving the well site of the operating interest." La. Rev. Stat. § 9:4863(A)(1)(c). "The privilege created by LOWLA attaches to all property listed in the statute, regardless of ownership, and requires no contractual relationship between the supplier of labor, service, or equipment and the owner of the lease or equipment." *Bordelon Marine, LLC*, 2015 WL 1509493, at *3. To preserve the security right against third persons, the claimant must "file[] a statement of privilege in the mortgage records of the parish where the operating interest subject to the privilege is located . . . ." La. Rev. Stat. § 4865(A)(1). However, the claimant must further "institute[] an action for the enforcement of the privilege within one year after the date of the filing of the statement of privilege or financing statement." La. Rev. Stat. § 4865(B).

Here, plaintiff satisfies all requirements for a writ of sequestration for its alleged privilege under LOWLA. Plaintiff's verified complaint clearly alleges specific facts regarding the nature of the claim, which is defendant's non-payment for plaintiff's furnishing of "goods, materials, supplies, and services to Defendant for and in connection with the drilling

5

and/or operation of the Lease . . . ," totaling $67,836.00. *See* Rec. Doc. 1 at 2-3. Plaintiff alleges that it properly preserved, perfected, and maintained perfection of its privilege by filing a statement of privilege and notice of claim of lien in the mortgage records of Plaquemines Parish, Louisiana on January 18, 2023. *Id.* at 3. Plaintiff also alleges that "[d]efendant has the power to alienate or encumber the Subject Interest." Rec. Doc. 3 at 3. Additionally, LOWLA specifically contemplates that the claimant can enforce its privilege over "[t]he operating interest under which the operations giving rise to the claimant's privilege are conducted together with the interest of the lessee of such interest in a . . . [t]ract of land, servitude, and lease described in R.S. 9:4861(12)(c) covering the well site of the operating interest." La. Rec. Stat. § 9:4863(A)(1)(c); *see also JHJ Ltd. v. Chevron USA, Inc.*, 806 F.2d 82, 82 (5th Cir. 1986) (affirming the lower court's issuance of a writ of sequestration over defendant's lease interest under LOWLA). Further, while Article 3501 generally requires that the petitioner furnish security, LOWLA provides an exception to this requirement, allowing the petitioner to obtain the writ without furnishing security. Plaintiff has therefore alleged "adequate and valid grounds to support" the issuance of the writ of sequestration. *See Rocket Indus., Inc.*, 706 F.2d at 563; La. Code Civ. P. art. 3501; *see also Express Supply & Steel, LLC v. Cox Operating, LLC*, No. 23-154, 2023 WL 172045 (E.D. La.

Jan. 12, 2023) (issuing writ of sequestration against defendant for non-payment of materials and services over defendant's legal title in the operating interest of various leases under LOWLA).

New Orleans, Louisiana this 6th day of February, 2023

_____
SENIOR UNITED STATES DISTRICT JUDGE